IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GARY J. BATTLE, | ) | 1:07-cv-01243-AWI-DLB-HC |
| | ) | |
| Petitioner, | ) | **FINDINGS AND RECOMMENDATIONS** |
| | ) | **RE: DISMISSAL OF ACTION** |
| vs. | ) | (Doc. 5) |
| | ) | |
| C. COOPER, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On August 31, 2007, the court issued an order requiring Petitioner to show cause as to what claim, if any, were presented to the state's highest court, within thirty (30) days from the date of service of that order. The thirty-day period has passed, and Petitioner has failed to comply with or otherwise respond to the court's order.

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

1

Respondents; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).  The court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal.  The third factor, risk of prejudice to Respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The court's order of August 31, 2007, expressly stated: "Failure to comply with this order may result in the action be [sic] dismissed for failure to comply with a court order.  Local Rule 11-110."  Thus, Petitioner had adequate warning that dismissal could result from his noncompliance with the court's order.

    Accordingly, the court HEREBY RECOMMENDS that this action be DISMISSED for Petitioner's failure to comply with the court's order of August 31, 2007.

    These Findings and Recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the

2

1  Local Rules of Practice for the United States District Court,
2  Eastern District of California.  Within **thirty (30) days** after
3  being served with a copy, any party may file written objections
4  with the court and serve a copy on all parties.  Such a document
5  should be captioned "Objections to Magistrate Judge's Findings and
6  Recommendations."  Replies to the objections shall be served and
7  filed within ten (10) <u>court</u> days (plus three days if served by
8  mail) after service of the objections.  The Court will then review
9  the Magistrate Judge's ruling pursuant to 28 U.S.C.
10 § 636 (b)(1)(C).  The parties are advised that failure to file
11 objections within the specified time may waive the right to appeal
12 the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
13 Cir. 1991).

   IT IS SO ORDERED.

   **Dated:   October 25, 2007**                    **/s/ Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE

3